NOT FOR PUBLICATION  (Civil No. 13-784, Doc. No. 1203;
Civil No. 13-2358, Doc. No. 134)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IN RE: PAULSBORO DERAILMENT CASES | Master Docket No. 13-784 |
| | Civil No. 13-2358 (RBK/KMW) |
| KAREN ARMISTEAD, et al., | **OPINION** |
| Plaintiff(s), | |
| v. | |
| CONSOLIDATED RAIL CORPORATION, et al., | |
| Defendant(s). | |

**KUGLER**, United State District Judge:

This matter comes before the Court on Defendants Consolidated Rail Corporation, Norfolk Southern Railway Company, and CSX Transportation, Inc.'s ("Defendants") Motion to Seal and Redact Transcript (Doc. No. 134).[1] For the reasons expressed below, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The basic facts of this case have been set forth in numerous opinions issued by the Court over the past three years of litigation. On September 10, 2015, the Court held a settlement conference regarding Karen Armistead's ("Plaintiff") claims against Defendants arising out of the November 30, 2012 train derailment in Paulsboro, New Jersey. During the settlement conference, Plaintiff's counsel referenced the settlement figure of another case that arose out of

---

[1] Citations to docket entries in this Opinion refer to entries from the individual case, Civil No. 13-2358, unless otherwise noted.

1

the derailment. Tr. 2:6–8, Sept. 10, 2015. Plaintiff testified to the out of pocket expenses she paid due to being evacuated from the area and the amount of money that she learned Defendants had offered people to settle potential claims. Tr. 68:6–7, 68:11–12, 70:10–12, 71:24, Sept. 10, 2015. The transcript of the settlement conference ("Transcript") was placed on the docket on May 10, 2016 (Doc. No. 132) and is under seal. Defendants filed the present Motion to Seal and Redact portions of the Transcript on May 31, 2016 (Doc. No. 134).

## II. DISCUSSION

### A. Standard of Review

Filed materials and judicial proceedings are subject to a presumptive right of public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993). In this District, Local Civil Rule 5.3(c) governs all motions to seal or otherwise restrict public access to judicial proceedings and materials filed with the Court. In order to place a docket entry under seal, the motion to seal must be publicly filed and describe: "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2). To establish a clearly defined and serious injury, a party must provide a "particularized showing" that is more than "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786, 788 (3d Cir. 1994) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)).

### B. Analysis

#### 1. Lines 2:6–8

Factor (a), the nature of the materials at issue, weighs in favor of allowing public access. Lines 2:6–8 reference the settlement amount of another case that arose from the Paulsboro train

derailment. It is long established that "the court's approval of a settlement or action on a motion are matters which the public has the right to know about and evaluate." *Enprotech Corp. v. Renda*, 983 F.2d 17, 20 (3d Cir. 1993) (quoting *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)). A settlement document is a judicial record and subject to a presumptive right of access "(1) when a settlement is filed with a district court; and (2) when the parties seek interpretative assistance from the court or otherwise move to enforce a settlement provision." *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011) (quoting *Enprotech*, 983 F.2d at 20). In *LEAP Sys.*, the court found a right of public access to a transcript containing settlement terms because the transcript was placed on the docket and the court retained jurisdiction to interpret and enforce the agreements. *Id.* at 220–21. Here, the Transcript is on the docket, the Court incorporated the settlement agreement terms into the Order of Dismissal in the settled case, and the Court retained jurisdiction over the agreement. Thus, the Court finds that lines 2:6–8 are subject to the right of access doctrine and factor (a) weighs against placing them under seal. Defendants attempt to analogize the referenced settlement agreement to alternative dispute resolution and mediation. However, a settlement filed with the court has no equivalence to an alternative dispute resolution process or mediation, and confidentiality provisions in the Alternative Dispute Resolution Act and Local Civil Rule 301.1 on Mediation are inapposite here.

      Defendants argue that factor (b), legitimate public or private interests, warrants sealing because publicizing settlement figures could chill and obstruct settlement discussions in other Paulsboro cases. The generalized interest in encouraging settlements does not outweigh the public's common law right of access. *Bank of Am.*, 800 F.2d at 346. This stems from the observation that "settlements will be entered into in most cases whether or not confidentiality can

be maintained." *Pansy*, 23 F.3d at 788 (citations omitted). The presumption of public access, however, may be overcome when justice so requires. *LEAP Sys.*, 638 F.3d at 222–23. Where the defendant would not have entered into the settlement agreement but for assurance of confidentiality, the court may grant a motion to seal. *Id.* In the present case, Defendants did not expressly request the Court assure that the September 10, 2015 settlement conference remain sealed, as the parties did in *LEAP Sys. Id.* However, the Court finds that Defendants nonetheless relied on confidentiality of the settlement figure in making the settlement: In this matter, numerous plaintiffs are bringing suit against Defendants, and disclosure of previous settlements could discourage Defendants from making additional settlements for fear of incentivizing more claims. As such, there is a public interest in encouraging settlements in this matter that warrants maintaining confidentiality of settlements that have been reached.

Regarding factor (c), a clearly defined and serious injury, Defendants assert that public disclosure of the settlement amount would allow other plaintiffs to secure favorable settlements from Defendants. In light of the number of cases arising from this same incident, the Court finds Defendants' showing to be adequate. Factor (d) also supports the request to seal and redact because sealing and redacting the lines that reference the settlement amount is the least restrictive alternative. In sum, the Court concludes Defendants have sufficiently demonstrated that lines 2:6–8 should be sealed and redacted, and grants the Motion as to that portion.

    2. *Lines 68:6–7 and 68:11–12*

Defendants also move to seal and redact lines 68:6–7 and 68:11–12, testimony by Plaintiff regarding the amount of money she paid out of pocket due to evacuation from her home. The Court finds that these portions should not be sealed or redacted. To factor (a), a transcript of a judicial proceeding constitutes a judicial record and judicial records are subject to the public

right of access. *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). As to factors (b) and (c), Defendants argue that sealing these sections will foster candor in settlement discussions. Such reasoning is unpersuasive, however, considering these excerpts do not discuss actual settlements. Defendants further submit that sealing these portions furthers the parties' private interest in enforcing the Protective Order approved by the Court in the consolidated Paulsboro case (Civil No. 13-784, Doc. No. 88). Protective orders alone do not satisfy Rule 5.3(c), and Defendants failed to show any other legitimate interests that warrant sealing or particularized harm. Therefore, the Court finds Defendants have not met their burden to place lines 68:6–7 and 68:11–12 under seal or redaction.

> 3. *Lines 70:10–12 and 71:24*

Lastly, Defendants move to seal and redact lines 70:10–12 and 71:24, testimony by Plaintiff regarding Defendants' offers of settlement to people. She testified, "I found out that they were just offering us — they wanted to offer people $500 for each person in the household, and wanted us to sign away our rights," and, "I think $500 is just like a slap in the face, really." Tr. 70:10–12, 71:24, Sept. 10, 2015. The Court finds that Defendants have not demonstrated these sections should be placed under seal or redacted. These statements do not refer to any specific settlement agreements and thus do not implicate the legitimate interests and particularized harm associated with disclosing settlement agreements in this case. Neither is it clear that Plaintiff was describing a settlement negotiation involving her claims. Some courts have sealed information related to settlement negotiations, *see, e.g.*, *Morgan v. Wal-Mart Stores, Inc.*, No. Civ. 14-4388 (MAS)(LHG), 2015 WL 3882748, at *2 (D.N.J. June 23, 2015), but Plaintiff here did not state that Defendants offered her $500 to settle her claims. Rather, she stated that she somehow learned Defendants had offered that amount to some people. To the

extent that Plaintiff is merely repeating information a third person communicated to her, that information is already public, and requests to "restrain further dissemination of publicly disclosed information are moot." *Constand v. Cosby*, No. 15-2797, 2016 WL 4268941, at *4 (3d Cir. Aug. 15, 2016) (internal quotations omitted) (quoting Charles Alan Wright et al., 13C Federal Practice & Procedure § 3533.3.1 n.35 (3d ed. 2008)). Although Defendants characterize Plaintiff's testimony as a settlement-related discussion, they point to no authority holding that any references to settlements as a general matter raises the legitimate interests required under factor (b) and produces the particularized harm required by factor (c). Thus, the Court denies Defendants' Motion to Seal and Redact lines 70:10–12 and 71:24.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Seal and Redact Transcript is **GRANTED IN PART** and **DENIED IN PART**.

Dated:   10/13/2016                                                      s/ Robert B. Kugler

                                                                         ROBERT B. KUGLER

                                                                         United State District Judge